```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**RANDOLPH MARTIN,**

                **Petitioner,**

            v.                                    CASE NO.  06-3353-SAC

**KAREN ROHLING,**
**et al.,**

                **Respondents.**

### MEMORANDUM AND ORDER

This is a "Petition for Writ of Habeas Corpus" sent to this court by an inmate at the Larned Correctional Facility, Larned, Kansas. Petitioner claims his rights to due process have been violated. In support, he alleges he received a neck injury in the Saline County Jail, which was not treated, and that he was unable to complete a correctional program due to his neck injury. He also alleges respondents have taken good time credits based upon his failure to complete the program, without notice of a violation or a hearing at which he was present and without a statement of reasons. He further asserts he should not have been placed in a program with his serious neck problem.

Petitioner generally states he has exhausted "all avenues with the Department of Corrections." He seeks restoration of all good time taken, to be given a "proper level status of level 2," and money damages of $15,000.

### FILING FEE

Petitioner has not submitted the fee of $5.00 required for filing a federal habeas corpus petition. Nor has he submitted a motion for leave to proceed without prepayment of fees together with

the required certificate of entries in his inmate trust fund account for the preceding six (6) months. This action may not go forward until petitioner satisfies the filing fee in one of these two ways. He shall be given time to pay the filing fee or file a proper motion on forms provided by the court.

**JURISDICTION**

It is not clear what type of action Mr. Martin actually intends to pursue. He entitled his pleading a Petition for Writ of Habeas Corpus "persuant (sic) to K.S.A. §60-1501." Section 60-1501 is a Kansas statute, and does not create a cause of action in federal court. This court has no jurisdiction over a state habeas corpus petition filed pursuant to K.S.A. 60-1501. A 60-1501 petition must be filed in the appropriate state district court, not the United States District Court. It could be that Mr. Martin intended to send his petition to a state county court, but sent it to this federal court by mistake. Petitioner shall be given time to state whether his intent was to proceed under K.S.A. 60-1501 in state court, or under a federal statute in federal court.

**NO CLAIM FOR MONEY DAMAGES IN HABEAS CORPUS**

Moreover, while petitioner seeks traditional habeas corpus relief by asking for the return of forfeited good time, he also asks for money damages. Money damages are not available in a habeas corpus action. The only proper relief in a habeas action is release from or less time in custody. If petitioner wishes to proceed on a claim for money damages, he must file a separate civil complaint.

Furthermore, a claim for money damages based upon the alleged improper forfeiture of good time is premature as long as the administrative decision to forfeit credits has not been overturned.

**EXHAUSTION OF STATE COURT REMEDIES REQUIRED**

A challenge in federal court by a state prisoner to the forfeiture of good time credits is a challenge to the execution of petitioner's sentence, which should be brought under 28 U.S.C. 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Petitioner is warned, however, that before he may challenge execution of his sentence by state prison officials in federal court, he must have exhausted all available state court remedies. 28 U.S.C. 2254(b)(1)(A). Thus, if he has not exhausted state court remedies, he would be much better advised to immediately file his 60-1501 petition in the proper state district court.

**IT IS THEREFORE ORDERED** that petitioner is given thirty (30) days in which to satisfy the filing fee herein by either paying the $5.00 filing fee or filing a motion for leave to proceed without prepayment of fees; to state if he intends to proceed in state court under K.S.A. 60-1501 or in this federal court under 28 U.S.C. 2241; and to state whether or not he has exhausted state court remedies on his claims.

The Clerk is directed to transmit forms for filing a motion for leave to proceed without prepayment of fees and for filing a petition for writ of habeas corpus under 28 U.S.C. 2241 to petitioner.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2007, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge